IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CORDELE MINCEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 322-122 |
| ) | |
| KILOLO KIJAKAZI, Acting Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff appeals the decision of the Acting Commissioner of Social Security ("the Commissioner") denying his application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

**I.  BACKGROUND**

Plaintiff protectively applied for SSI on March 4, 2020, and he alleged a disability onset date of January 1, 2016. Tr. ("R."), pp. 10, 77, 251. The alleged onset date is within a previously adjudicated time period, and as the previous claim was not reopened, Plaintiff's application date of March 4, 2020, marked the opening of the relevant period of consideration for the instant

application.¹  R. 10-11, 215, 224, 251.  Plaintiff was forty-four years old on March 4, 2020, and was forty-six years old at the time the Administrative Law Judge ("ALJ") issued the decision currently under consideration. R. 20, 215. Plaintiff alleged disability based on symptoms related to his left hip, left thumb, back, and left big toe. R. 77, 189. Plaintiff reported completing two years of college, (R. 190), and prior to his alleged disability date, had accrued a history of past work that included a grocery store bagger, actor, forklift operator, and owner of a pool hall, although none of the jobs qualified as past relevant work under the applicable regulations, (R. 19, 190).

The Social Security Administration denied Plaintiff's application initially and on reconsideration. R. 75-95. Plaintiff requested a hearing before an ALJ, (R. 122), and the ALJ held a hearing on October 20, 2021, (R. 30). Represented by counsel, Plaintiff appeared and testified, as did a vocational expert ("VE").  R. 30-59.  On January 24, 2022, the ALJ issued a decision finding Plaintiff not disabled.

> Applying the sequential process required by 20 C.F.R. § 416.920, the ALJ found:
>
> 1. The claimant has not engaged in substantial gainful activity since March 4, 2020, the application date. (20 C.F.R. § 416.971 *et seq*.).
>
> 2. The claimant has the following severe impairments:  spine disorder and osteoarthritis.  (20 C.F.R. § 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).
>
> 4. The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) except the claimant can frequently

---

¹The relevant period of disability consideration for an SSI application is the month of the application through the date of the administrative law judge's decision.  See Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*).

2

  climb ramps and stairs, never climb ropes or scaffolds, and frequently stoop, crouch, kneel, crawl, and balance.[2]  Further, the claimant should avoid concentrated exposure to work around hazardous machinery, moving parts, vibrations, and work at unprotected heights.  The claimant has no past relevant work.  (20 C.F.R. § 416.965).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform, including marker, cashier, and mailroom clerk (non-postal).  (20 C.F.R. §§ 416.969 and 416.969a).  Therefore, the claimant has not been under a disability, as defined in the Social Security Act, since March 4, 2020, the date the application was filed.  (20 C.F.R. § 416.920(g)).

R. 12-20.

When the Appeals Council denied Plaintiff's request for review of the ALJ's decision, (R. 1-5), the Commissioner's decision became "final" for the purpose of judicial review.  42 U.S.C. § 405(g).  Plaintiff then filed this civil action requesting reversal or remand, arguing the ALJ improperly weighed the medical evidence and erroneously concluded he did not meet Listing 1.18, Abnormality of a major joint(s) in any extremity.  See Pl.'s Br., doc. no. 10.  The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed.  See Comm'r's Br., doc. no. 13.

---

[2]"Light work" is defined as:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967(b).

## II.     STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

Plaintiff first argues the ALJ failed to properly follow the guidelines in 20 C.F.R. § 404.1520c when assessing the persuasiveness of Plaintiff's medical evidence.[3] In particular, Plaintiff contends the ALJ improperly discounted (1) the opinions of consultative examiner Brian Chadwick M.D., (2) 2016 treatment records of Roland Green, M.D., at Alta Medical Consulting Services, and (3) the 2018 opinion of Nurse Practitioner Angela Burkett at Eastman Medical Center. Pl.'s Br., pp. 7-11.

Plaintiff also states, "As to Plaintiff's own testimony, once Plaintiff shows an underlying impairment and a causal relationship between the impairment and some symptoms, the Commissioner may only reject the Plaintiff's testimony if there is evidence of malingering, or upon clear and convincing reasons." Id. at 7 (citations omitted). Plaintiff further argues if his testimony about his own limitations is mischaracterized or otherwise improperly weighed, the Court can find the Commissioner's decision is not supported by substantial evidence. (Id.)

---

[3]Because Plaintiff applied for SSI only, the relevant regulation is technically 20 C.F.R. § 416.920c. However, the guidelines in § 404.1520c, applicable to Disability Insurance Benefits, and § 416.920c mirror each other.

5

Notably, however, Plaintiff does not identify any particular testimony that was supposedly mischaracterized, let alone explain how the mischaracterization undermines the ALJ's decision, and therefore the Court deems this argument abandoned and focuses on the treatment of three pieces of medical evidence identified above.  See Whitten v. Soc. Sec. Admin., Comm'r, 778 F. App'x 791, 793-94 (11th Cir. 2019) (*per curiam*) (raising issue properly in opening brief requires plain and prominent presentment supported by arguments and citations to record. . . ." and recognizing issue may be abandoned when references are "buried within main arguments" or mentioned only in passing reference without supporting arguments (citing Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681-82 (11th Cir. 2014)).

> **A. The ALJ's Analysis of the Contested Medical Evidence Is Supported by Substantial Evidence**
>
> **1. Regulations for Evaluating Medical Opinions for Claims Filed After March 27, 2017**

Because Plaintiff filed his SSI application on March 4, 2020, the ALJ had to assess the medical evidence in the record under recently revised regulations.  "For claims filed on or after March 27, 2017, the ALJ will not defer or give any specific evidentiary weight, including controlling weight to any medical opinion(s) or prior administrative medical finding(s).  This regulation abrogated our earlier precedents applying the treating-physician rule, which required good cause to discount a treating physician's opinion."  Sturdivant v. Soc. Sec. Admin., Comm'r, No. 22-13952, 2023 WL 3526609, at *3 (11th Cir. May 18, 2023) (*per curiam*) (citations and internal quotes omitted); 20 C.F.R. § 416.920c(a) (explaining ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources"); see also Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 897 (11th Cir.

6

2022) (explaining 2017 revision eliminated the treating-physician rule and prohibits ALJs from "defer[ring] or giv[ing] any specific evidentiary weight, including controlling weight to any medical opinion(s)" (citations omitted)). Elimination of the treating source rule is intended to remove "confusion about a hierarchy of medical sources and instead focus adjudication" on the evidence, as well as discourage courts from reweighing the evidence in violation of the deferential substantial evidence standard of review. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017).

The ALJ must now determine the persuasiveness of medical opinions by considering supportability, consistency, nature and length of the treatment relationship, specialization, and other miscellaneous factors. Harner, 38 F.4th at 897; 20 C.F.R. § 416.920c(c)(1)-(5). Because supportability and consistency are the most important factors, the ALJ must articulate how these factors were considered for a medical source's opinions, but an ALJ is not required to articulate consideration of the remaining factors. See Sturdivant, 2023 WL 3526609, at *3; 20 C.F.R. § 416.920c(b)(2). In assessing supportability and consistency, the ALJ's analysis focuses on whether the medical source's opinion is supported by the objective medical evidence and supporting explanations and consistent with the other medical and nonmedical sources in the record. See Sturdivant, 2023 WL 3526609, at *3; 20 C.F.R. § 416.920c(c)(1)-(2).

### 2.    Dr. Chadwick's Opinions

Dr. Chadwick provided two opinions after examining Plaintiff in 2020 and 2021, (R. 282-304), but Plaintiff relies most heavily on the September 12, 2020 opinion, and in particular, the opinion that Plaintiff needs to use a cane for short and long distances and uneven terrain, (R. 288). Pl.'s Br., p. 8. Plaintiff first argues the ALJ found Dr. Chadwick's 2020 opinion unpersuasive because he did not order imaging. Id. (citing R. 18). However, in the

7

sentence following the comment about not ordering imaging, the ALJ further explains Dr. Chadwick's opinion on cane use was inconsistent with the "unremarkable" x-rays of Plaintiff's lower back, left hand, right hand, chest, right hip and left hip that showed no acute abnormality, and which were taken just one week prior to the consultative examination. R. 18 (citing Ex. 3F (R. 275-81 (results of x-rays taken September 4, 2020).) Considering the analysis as a whole makes clear the ALJ did not discount the persuasiveness of Dr. Chadwick's opinion based on the lack of ordering imaging, but instead contrasted the opinion with the recent imaging already conducted.

Second, Plaintiff faults the ALJ for relying on "longitudinal" evidence from 2010, prior to the relevant time period, to (1) conclude there were no extreme findings to support the use of a cane; and (2) to note those medical records from the year after the 2009 work injury - which Plaintiff states crushed his pelvis and is an event of "paramount" importance to this disability case (R. 34, 37) – contained an opinion that there was no evidence of a pelvic injury. R. 18. According to Plaintiff, the ALJ should not have relied on an old report, issued after reviewing imaging, to discredit a more recent report issued after Dr. Chadwick examined Plaintiff, particularly since the 2010 evidence was not the product of an actual examination of Plaintiff. Pl.'s Br., p. 9. However, unlike the prior version of the Commissioner's regulations which required that the opinions of examining physicians be given more weight than non-examining physicians, 20 C.F.R. § 416.927(c)(1), the new regulations have no such requirement and in fact specifically state no deference or any specific evidentiary weight will be accorded a medical source, 20 C.F.R. § 416.920c(a). Moreover, the 2010 records were discussed in the immediately preceding section of the opinion as part of tracing the chronology of Plaintiff's pain and treatment following the 2009 injury. R. 16.

Furthermore, in reviewing Dr. Chadwick's findings in the Step Three analysis, the ALJ thoroughly discussed the other findings from Dr. Chadwick in 2020, which, when considered in combination with Dr. Chadwick's second consultative examination in 2021 also cited by ALJ, showed full strength, 5/5, throughout Plaintiff's musculoskeletal system except for his left hand which was reduced to 4/5 strength; normal sensation; 2+ reflexes; no joint swelling, erythema, effusion, warmth, tenderness, or deformity; and only slightly reduced range of motion.  R. 16-17, 286-92, 296-303.  Moreover, in 2021, Dr. Chadwick opined Plaintiff did <u>not</u> need a cane and could move within the examination room without it.  R. 299 (emphasis added), 302.  The persuasiveness of Dr. Chadwick's 2020 opinion regarding the use of a cane was also diminished, as discussed by the ALJ, in that there was no evidence describing how Plaintiff walks with a cane or description of whether it is needed all the time, periodically, or only in certain situations.  R. 14-15 (citing SSR 96-9p).[4]

In sum, the record does not support Plaintiff's contention the ALJ discounted Dr. Chadwick's opinions solely on the bases of not ordering imaging and a comparison to a 2010 opinion.  Rather, as described above, the ALJ's opinion contains an extensive discussion of the medical evidence of record which contradicts Dr. Chadwick's 2020 opinion regarding the

---

[4]To find that a hand-held assistive device, such as a cane, is medically required,

> [T]here must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case.

SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996); <u>see also</u> <u>Staples v. Astrue</u>, 329 F. App'x 189, 191-92 (10th Cir. 2009) (quoting SSR 96-9p); <u>Reynolds-Buckley v. Astrue</u>, No. 8:10-CV-1668-T-TGW, 2011 WL 2460919, at *5 (M.D. Fla. June 20, 2011).

9

need to use a cane, including his own notes and a subsequent 2021 opinion that a cane is not needed. The ALJ is not required to explicitly connect every piece of evidence that is found to be inconsistent with a specific opinion or to discuss every piece of evidence so long as the Court is able to conduct meaningful judicial review. Gogel v. Comm'r of Soc. Sec., Case No. 2:20-cv-366-MRM, 2021 WL 4261218, at *9 (M.D. Fla. Sept. 20, 2021) (citing Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) and 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1)).

The Court has ample information to conduct meaningful judicial review of the ALJ's decision that Dr. Chadwick's opinion regarding the need for a cane is not persuasive. The ALJ followed the dictates of the new regulations to explain supportability and consistency; he was not required to explain how the remaining factors of 20 C.F.R. § 416.920c(a) were considered. That a different interpretation is possible does not change the result because the narrowly circumscribed nature of review does not involve re-weighing the evidence or substituting the judgment of the Court for that of the Commissioner. Moore, 405 F.3d at 1211, 1213.

### 3. Treatment Records of Alta Medical Consulting Services (September 2016 Opinion of Roland Green, M.D.)

Plaintiff next argues the ALJ improperly weighed the opinion in Exhibit B9F, (R. 362-75), from Dr. Green with Alta Medical Consulting Services. Pl.'s Br., pp. 10-11. The ALJ's assessment of the opinion of consultative examiner Dr. Green contained within the Alta Medical records immediately followed that of Dr. Chadwick and stated, "For similar reasons, the undersigned finds that the opinion of the previous consultative medical examiner (Ex. B9F) is not persuasive, as it also suggested that the claimant required an assistive device, thought the longitudinal evidence does not support such a limitation." R. 18. Plaintiff likewise relies

on his immediately preceding argument regarding the alleged impropriety of relying on a 2010 medical opinion as "longitudinal evidence" to discredit Dr. Green's opinion, (R. 368), regarding using a cane for long distances and uneven terrain.

First, as discussed above, the ALJ's opinion, when read as a whole, contains a detailed discussion of multiple pieces of medical evidence relied upon to discount the opinion that Plaintiff's use of a cane is medically necessary. Thus, the ALJ's analysis is not limited to discounting Dr. Green's opinion solely on the basis of a 2010 opinion. Second, in light of the change in regulations discussed above, Plaintiff's repeated reliance on "actual observation made during medical examinations" as a basis to require extra weight be given to any given medical opinion is unavailing. In any event, Dr. Green's opinion on use of a cane does not include documentation concerning when and under what circumstances a cane might be needed, (R. 368, 371), and is at odds with his objective findings of 4/5 or 5/5 graded strength in upper and lower extremities, as well as x-rays showing only mild degenerative changes or no radiographic abnormality over a six-year comparison period. R. 373-75.

Third, Dr. Green offered his opinion in 2016, years before the relevant period under consideration starting March 4, 2020. In the Eleventh Circuit, medical records or opinions preceding the relevant time period are of little relevance and need not be considered by the ALJ. See Santos v. Soc. Sec. Admin., Comm'r, 731 F. App'x 848, 857 (11th Cir. 2018) (*per curiam*) (explaining medical records from two doctors predating claimant's alleged disability date were of limited relevance); Coats v. Kijakazi, No. 8:21-cv-01762-AEP, 2023 WL 2706857, at *10 (M.D. Fla. Mar. 30, 2023) (collecting cases for proposition "pre-onset date medical opinions are inherently of limited relevance to the question of disability" on or after alleged onset date).

Thus, as with Dr. Chadwick's opinions, the Court has ample information to conduct meaningful judicial review of the ALJ's decision that Dr. Green's opinion regarding the need for a cane is not persuasive, not only because of the lack of support within his own notes and the timing of the opinion years prior to the relevant 2020 date, but also because of the other evidence of record contradicting the need for a cane.

### 4. Nurse Practitioner Angela Burkett

Plaintiff also challenges the ALJ's determination that the October 8, 2018 opinion of Nurse Practitioner (NP) Burkett was not persuasive. The ALJ explained the opinion was not persuasive because NP Burkett (1) opined Plaintiff would be unable to perform even less than sedentary work, stating he could only sit, stand, and walk for forty minutes each in an eight-hour workday; (2) stated Plaintiff had an abnormal gait, frequent falls, and left sided weakness; (3) offered her opinion in 2018, "well before the current application date"; (4) had a limited treatment relationship with Plaintiff; and (5) offered an opinion inconsistent with the longitudinal evidence in the record. R. 18.

Plaintiff does not contest the opinion was offered prior to the relevant March 4, 2020 application date, and as explained above with respect to Dr. Green's opinion, medical opinions preceding the relevant time period are of little relevance and need not be considered by the ALJ. See Santos, 731 F. App'x at 857; Coats, 2023 WL 2706857, at *10. Moreover, Plaintiff himself questions the validity of NP Burkett's opinion when he states, "[E]ven if the estimation was *slightly* inaccurate, it is still good evidence that Plaintiff is unable to stand for long enough to perform" the light work he was determined to be able to perform. Pl.'s Br., pp. 11-12 (emphasis in original). Plaintiff offers no case law in support of the apparent contention that if a medical opinion is concededly incorrect, it can still be used to extrapolate an argument that

an ALJ's RFC determination is incorrect.  Cf. Moore, 405 F.3d at 1213 (explaining inferential argument that physician *would most likely* disagree with ALJ analysis amounts to "extrapolation and conjecture" insufficient to disturb ALJ findings supported by substantial evidence (emphasis in original)).

Plaintiff's most strenuous argument, however, is that the ALJ did not cite to the record for his conclusion that NP Burkett's opinion concerning the severity of Plaintiff's limitations is not supported by the longitudinal evidence.  Pl.'s Br., pp. 11-12.  The ALJ stated, "Recent evidence noted that the claimant had a normal gait; further, consultative medical examinations demonstrated that the claim's strength was within normal limits."  R. 18.  Plaintiff maintains he "is unable to determine which 'recent evidence' the ALJ is referring to," and argues the ALJ committed "clear error" by characterizing medical evidence as "unpersuasive based upon some other identified evidence."  Pl.'s Br., pp. 11-12.  Thus, according to Plaintiff, because the ALJ did not identify the "recent evidence," the Court must conclude the ALJ erred.  Id. at 12.  The Court disagrees.

At the administrative hearing, Plaintiff's counsel informed the ALJ he had requested but not yet received recent records from Macon Medical Pain Center ("MMPC") for Plaintiff's treatment from May through August of 2021.  R. 32-33; 472-507.  The ALJ agreed to leave the record open for thirty days, and the records were admitted as Exhibit B17F.  R. 10, 33, 58.  Within those records from MMPC, there are two separate entries, dated July 15 and August 12, 2021, documenting Plaintiff's "gait is normal the patient can walk several steps, then turn, and come back; balance is easy, the arms swing at the sides, and turns are accomplished smoothly."  R. 473-74, 478-79.  These records also documented Plaintiff's musculoskeletal and motor strength at 5/5.  R. 474-75, 479-80.

Dr. Chadwick also documented Plaintiff's muscle strength at 4/5 or 5/5 during his September 2020 and April 2021 examinations. R. 283, 286, 291-92, 295, 298, 302. X-rays from September 2020 likewise showed "[n]o acute abnormality" in Plaintiff's lumbar spine, right hip, or left hip. R. 276, 280-81. All of these records were identified and discussed by the ALJ in his opinion. R. 16-18. The ALJ was not required to connect every piece of evidence in the record so long as meaningful judicial review is possible. See Gogel, 2021 WL 4261218, at *9. Here, the Court was able to readily discern the "recent evidence" to which the ALJ is referring in his analysis.

In sum, as with Dr. Chadwick's and Dr. Green's opinions, the Court has ample information to conduct meaningful judicial review and conclude the ALJ's determination that NP Burkett's opinion is not persuasive is supported by substantial evidence.

**B.     The ALJ's Determination Plaintiff Does Not Meet Listing 1.18 Is Supported by Substantial Evidence**

In an argument that dovetails with the now-discredited argument that the ALJ improperly weighed the medical evidence of record, Plaintiff also argues the ALJ's determination that Plaintiff does not meet Listing 1.18, Abnormality of a major joint, is not supported by substantial evidence. Pl.'s Br., pp. 12-15. The Commissioner counters that Plaintiff has not identified the major joint alleged to have the requisite abnormality, let alone established that he satisfies one of the additional requisites of part D of the Listing.

**1.     The Requirements for Satisfying Listing 1.18 at Step Three of the Sequential Evaluation Process**

At step three of the evaluation process, the Commissioner must determine whether a claimant meets or equals a disability described in the Listing of Impairments, which describes impairments severe enough to prevent a person from performing any gainful activity. Davis v.

14

Shalala, 985 F.2d 528, 532 (11th Cir. 1993).  Plaintiff bears the burden of showing that his condition meets or equals a Listing.  Castle v. Colvin, 557 F. App'x 849, 852 (11th Cir. 2014) (*per curiam*); Wilkinson *ex rel.* Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987).  As explained by the Eleventh Circuit, at step three, "the burden of proof remains squarely on [the claimant], and the Commissioner's finding as to whether he carried that burden are conclusive and must be affirmed if supported by substantial evidence, even if those findings are not supported by a preponderance of the evidence in the record." Carpenter v. Comm'r of Soc. Sec., 614 F. App'x 482, 487 (11th Cir. 2015) (*per curiam*) (citations omitted).

In order to show that an impairment meets a Listing, a claimant must satisfy all of the specified medical criteria; "[a]n impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990).  A claimant shows he meets a listing by having "a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criterial of the Listings and the duration requirement." Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002)  "To 'equal' a Listing, the medical findings must be 'at least equal in severity and duration to the listed findings.'" Id. at 1224 (citation omitted).  It is axiomatic that when a claimant's condition meets or equals a Listing, the Commissioner must find the claimant disabled without regard to the claimant's age, education, or previous work experience.[5]  20 C.F.R. § 416.920(d).

Listing 1.18 states:

1.18 Abnormality of a major joint(s) in any extremity (see 1.00I), documented by A, B, C, and D:
A. Chronic joint pain or stiffness.
AND

---

[5]To be clear, Plaintiff does not argue his impairments *equal* Listing 1.18, and thus the Court focuses on whether he *meets* the Listing.  See Sapuppo, 739 F.3d at 681.

  B. Abnormal motion, instability, or immobility of the affected joint(s).
  AND
  C. Anatomical abnormality of the affected joint(s) noted on:
  1. Physical examination (for example, subluxation, contracture, or bony or fibrous ankylosis); or
  2. Imaging (for example, joint space narrowing, bony destruction, or ankylosis or arthrodesis of the affected joint).
  AND
  D. Impairment-related physical limitation of musculoskeletal functioning that has lasted, or is expected to last, for a continuous period of at least 12 months, and medical documentation of at least one of the following:
  1. A documented medical need (see 1.00C6a) for a walker, bilateral canes, or bilateral crutches (see 1.00C6d) or a wheeled and seated mobility device involving the use of both hands (see 1.00C6e(i)); or
  2. An inability to use one upper extremity to independently initiate, sustain, and complete work-related activities involving fine and gross movements (see 1.00E4), and a documented medical need (see 1.00C6a) for a one-handed, hand-held assistive device (see 1.00C6d) that requires the use of the other upper extremity or a wheeled and seated mobility device involving the use of one hand (see 1.00C6e(ii)); or
  3. An inability to use both upper extremities to the extent that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements (see 1.00E4).

20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 1.18. A major joint of the upper extremity "refers to the shoulder, elbow, and wrist-hand." Id. § 1.00I(2). A major joint of the lower extremity "refers to the hip, knee, and ankle-foot." Id. § 1.00I(3).

  **2. Plaintiff Does Not Meet His Burden to Shown His Condition Meets Listing 1.18**

First, as to Plaintiff's argument regarding his need for a cane, he misstates his burden of proof for establishing a documented medical need for a cane as substantial evidence, *i.e.*, more than a mere scintilla. Pl.'s Br., p. 13 (citing Biestek v. Berryhill, 587 U.S.-, 139 S. Ct. 1148, 1154 (2019).) In Biestek, when the Supreme Court discussed "substantial evidence," it was discussing the standard of judicial review of an ALJ's factual findings, not the claimant's burden of proof. 139 S. Ct. at 1154 ("On judicial review, the ALJ's factual findings – such as

the determination that [claimant] could have found sedentary work – 'shall be conclusive' if supported by 'substantial evidence.'" (citations omitted).) As set forth above, the Court must affirm the administrative decision if the ALJ's conclusions are supported by substantial evidence, even if those administrative findings are not supported by a preponderance of the evidence. See Carpenter, 614 F. App'x at 487.

As discussed above, the ALJ's finding that Plaintiff did not have a documented medical need for a cane is supported by substantial evidence, and Plaintiff's arguments to the contrary are without merit. Plaintiff's attempt to avoid the ALJ's determination by mistakenly suggesting he need only show more than a mere scintilla of evidence supporting his claim for a need to use a cane finds no valid support in the law, as explained above. Moreover, specific to the Listing requirements, Plaintiff does not point to evidence from the relevant time period that establishes a medical need for a cane for the requisite twelve-month period – a requirement cited in the ALJ's opinion. R. 14 (citing Listing § 1.00C6).[6]

Second, as the Commissioner points out, Plaintiff has not identified the major joint allegedly affected as required in Part A of Listing 1.18, even before consideration of the need for a cane in Listing 1.18D(2). In conclusory fashion, Plaintiff asserts that "[a]s to chronic

---

[6] See 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 1.00C6(a) (explaining documented medical need required to satisfy Listing requirement means "there is evidence from a medical source that supports your medical need for an assistive device for a continuous period of at least 12 months" and "the evidence must describe any limitations(s) in your upper or lower extremity functioning and the circumstances for which he need to use the assistive device). Here, Plaintiff points to only one opinion from Dr. Chadwick during the relevant time period discussing Plaintiff's use of a cane in September 2020 - though without evidence describing how Plaintiff walks with a cane or description of whether it is needed all the time, periodically, or only in certain situations - (R. 288), but approximately seven months later, Dr. Chadwick found Plaintiff did not need a cane, (R. 299).

joint pain and stiffness, the record is abundantly clear in nearly every medical source that Plaintiff does suffer from this sort of chronic pain and stiffness. (*See, e.g.*, 259, 272, 276, 284-285)." Pl.'s Br., p. 14. However, the cited pages fail to carry Plaintiff's burden:

> . . . he merely cites a cover letter by the state agency, which is not a medical record and does not mention pain or stiffness (Tr. 259); a note from October 2019, before his application date, in which he report[ed] chronic joint pain, apparently in his left foot (Tr. 272); a radiology report that noted a history of lower back pain, but the back is not a major joint (Tr. 276); see 20 C.F.R. pt. 404, subpt. P, app. 1; § 1.00I2, 3 (defining major joint); and Dr. Chadwick's September 2020 report, in which he recited Plaintiff's allegations of functional limitations secondary to pain in his back, hip, and broken left thumb (Tr. 284-85).

Comm'r's Br., p. 15.

The Commissioner similarly shows Plaintiff's conclusory assertions regarding abnormal motion, instability, or immobility as required by Part B of Listing 1.18 are not supported by the record. Id. at 16 (citing R. 364 (first page of 2016 consultative examination report), R. 379 (2017 order for MRI of left hip and lumbosacral spine), R. 397 (one page of NP Burkett's 2018 opinion that was found not persuasive *inter alia* as not supported by longitudinal evidence), and R. 439 (one page of NP Burkett's 2019 notes in which Plaintiff "admits" joint stiffness, pain and swelling)). Concerning anatomical abnormality, Part C, Plaintiff again relies on the "three physicians that found [him] to have a medical need for a cane also found [him] to have some abnormality of the affected joints" and re-iterates his contention the ALJ improperly discounted those opinions. Pl.'s Br., p. 14. As discussed in detail above, the ALJ's treatment of those three opinions is supported by substantial evidence.

Because Plaintiff has not established he meets Listing 1.18 A, B, or C, and has not established the medical need for using a cane, his arguments regarding Listing 1.18D(2) regarding an inability to use an upper extremity while using a cane in the other hand, (Pl.'s

18

Br., pp. 15-16), need not be addressed in detail.  See Sullivan, 493 U.S. at 530 (meeting a Listing requires satisfying all medical criteria).  In a nutshell, Plaintiff asks this Court to take a different view of the evidence than did the ALJ.  However, this Court's job is not to review the administrative record *de novo* or re-weigh the evidence, but rather is to review the record for substantial evidence to support the Commissioner's factual findings, and if so found, uphold the Commissioner even if the evidence preponderates in favor of the claimant.  See Moore, 405 F.3d at 1211; Crawford, 363 F.3d at 1158-59.  That a different result is *possible*, does not mean the Commissioner's decision must be reversed.  The Commissioner's findings, via the ALJ's decision, are supported by substantial evidence, and none of Plaintiff's arguments form any basis for reversal or remand.

### IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 27th day of June, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA